# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE K. SCHMIDT,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br>PNC BANK, et al.,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 12-CV-2126-LAB-KSC<br><br>**ORDER DISMISSING CASE** |

　　　This case arises out of the foreclosure of Ms. Schmidt's home.  She asserts claims for declaratory relief, negligence, quasi contract, violation of the Fair Debt Collection Practices Act, violation of the California Business and Professions Code, and an accounting.

　　　PNC Bank filed a motion to dismiss and a motion to strike the complaint, attacking, with legal support, each of Ms. Schmidt's claims: (1) the lack of an actual controversy, and the availability of other relief, precludes declaratory relief: (2) a negligence claim can't stand because, as a mere lender, PNC owed Ms. Schmidt no duty of care; (3) an action in quasi contract can't lie where there is an actual, binding contract, and Ms. Schmidt alleges no facts, anyway, to show that PNC was unjustly enriched; (4) PNC is not a debt collector under the Fair Debt Collection Practices Act; (5) there is no predicate unfair or unlawful act to support a violation of the Business and Professions Code; and (6) the accounting claim is really an unjust enrichment claim, and there's no fiduciary relationship with PNC, in the first place, to state a claim for an accounting.

Ms. Schmidt didn't file a meaningful opposition to PNC's motion to dismiss. Instead, a few days before her opposition was due she filed a one-page document claiming to oppose the motion "based on all the papers on file with the Court, the arguments set forth, and any arguments made by Plaintiff's counsel at the hearing currently scheduled." Of course, the only papers on file were the complaint and PNC's motions to dismiss and strike it, and there's never a guarantee that the Court will hear oral argument on a motion. So, Ms. Schmidt's opposition was so feeble as to hardly be an opposition at all, and the Court is unwilling to regard it as one. This is not good for her. Under Standing Order 4(b) of the undersigned judge, as well as Local Rule 7.1(f)(3)(c), the failure to file an opposition to a motion is construed as consent to the motion being granted.

Ms. Schmidt also attached an amended complaint, modified to add Deutsche Bank as a Defendant. This amended complaint was untimely under Federal Rule of Civil Procedure 15(a)(1), and under Rule 15(a)(2) she must obtain PNC's consent—which it isn't giving—or the Court's leave. The Court is not inclined to give that leave, considering that Ms. Schmidt has not even attempted to explain how adding a new Defendant to this case is responsive to PNC's arguments for dismissal of her claims. Moreover, the Court does not think it is.

PNC characterizes this action as "nothing more than a frivolous and desperate attempt to avoid foreclosure of Plaintiff's Encinitas property," and the Court sees no evidence to the contrary. The fact that Ms. Schmidt first filed a complaint in California Superior Court, then an amended complaint, then voluntary dismissed her complaint without prejudice days before a motion to dismiss hearing, *and then* filed a complaint in federal court, is highly suggestive that she is in fact using the judicial process to stall the foreclosure of her home rather than pursue claims she sincerely believes to be meritorious. Indeed, four paragraphs of Ms. Schmidt's complaint—pertaining to role of mortgage securitization in the recent financial collapse—are lifted verbatim from the website of Red Carpet Enterprises, an Illinois-based consultancy that serves distressed homeowners facing foreclosure. (*See* FAC ¶¶ 14, 15, 16, 18; https://redcarpetenterprises.net/Forensic_Process_Review.html.)

1       The Court has reviewed and carefully considered PNC's arguments for dismissal and
2 finds that Ms. Schmidt has no rebuttal to them. The motions to dismiss and strike Ms.
3 Schmidt's complaint are **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

5       **IT IS SO ORDERED**.
6 DATED: March 20, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge