# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE K. SCHMIDT,<br><br>                        Plaintiff,<br>  vs.<br><br>PNC BANK, et al.,<br><br>                        Defendant. | CASE NO. 12-CV-2126-LAB-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES** |

      The Court dismissed this case with prejudice on March 27, 2013. PNC had filed a motion to dismiss, and Ms. Schmidt made virtually no effort to oppose it. She simply filed an untimely amended complaint and, with no meaningful legal argument, asserted that adding a defendant would cure her original complaint's defects. The Court disagreed. It suggested that Ms. Schmidt was "using the judicial process to stall the foreclosure of her home rather than pursue claims she sincerely believes to be meritorious." (Doc. No. 7 at 2.) It also found that she had no rebuttal whatsoever to the substantive arguments for dismissal raised by PNC.

      Ms. Schmidt appealed the Court's dismissal of her case on April 8, 2013. Two days later, PNC filed a motion for $10,750 in attorney's fees pursuant to the Promissory Note and Deed of Trust executed by Ms. Schmidt, both of which provide for them here. And once again, Ms. Schmidt filed an opposition that doesn't deserve that label. She argues, first, that

an award in this case would be unjust and cites a single case, with no further explanation. She argues, second, that the Court should defer its ruling on the motion until her appeal is resolved and set a briefing schedule then, citing the Advisory Committee notes to Federal Rule of Civil Procedure 54.  These arguments take up about 6 lines of text, if that.  This is an astonishingly lackluster effort with $10,750.00 on the line.

The motion for attorney's fees is **GRANTED**, in the full amount of $10,750.00.  No doubt, as PNC suggests, Ms. Schmidt may be able to delay payment by appealing *this* Order on the expectation that the Court of Appeals will consolidate it with her first appeal.  Still, in the interest of avoiding piecemeal appeals, this is the better solution.  *See Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983). The Court must say it questions whether these appeals are taken in good faith.  Considering the lack of effort put into litigating this case, it is unlikely that Ms. Schmidt will go to the trouble of thoroughly briefing the issues on appeal for the Court of Appeals.  Of course, the only business of this Court is whether an award of attorney's fees is appropriate, and it answers that question in the affirmative.

**IT IS SO ORDERED**.

DATED: June 20, 2013

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge